IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06CR457-1 |
| | ) | |
| ANDRE ANTONIO LITTLE | ) | |

**MEMORANDUM ORDER**

This case is before the court on pro se Defendant Andre Antonio Little's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 55) and motion for appointment of counsel (Doc. 56). The Government has responded in opposition. (Doc. 61.) For the reasons stated herein, Little's motion will be denied.

**I.  BACKGROUND**

On November 27, 2006, Little was charged with possession with intent to distribute 11.5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count one), possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count two), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count three). (Doc. 1.) On April 13, 2007, he pled guilty to the first two counts, and on August 31, 2007, he was sentenced to 188 months of imprisonment on the first count, to run consecutive to 60 months of imprisonment on the second count. (Doc. 20.) He was also sentenced to five years of supervised release on both counts, to

run concurrently. (Id.) The judgment was subsequently amended to 180 months on the first count to correct a clerical error. (Doc. 22.) On September 11, 2020, the court reduced Little's sentence on count one (only) to time-served under section 404 of the First Step Act; count two remained unchanged. (Doc. 30.) However, the order specified that his supervision period for count one "remains 5 years to run concurrently with the period of supervised release for Count Two." (Id.)

Little began his term of supervision on September 18, 2020. Several months after a Probation Office report of noncompliance (upon which no action was taken), the Probation Office filed a petition to revoke Little's supervision based on allegations of illegal drug distribution, citing Little's selling of drugs from a hotel room, and nine positive drug tests (for a combination of cocaine and marijuana). (Doc. 38.) Thereafter, the Probation Office amended the petition to add a violation relating to Little's alleged possession of cocaine and flight from arresting officers while he was on bond for the state charges in the two other violations. (Doc. 47.)

A violation hearing was held on July 22, 2022, before Judge N. Carlton Tilley, Jr. Little, through counsel, admitted the first two violations; as to the third, he admitted fleeing from law enforcement when he attempted to destroy the roughly four ounces of cocaine in a bag he dropped along the way. (Doc. 60.) The

2

court confirmed that the parties agreed that Little was facing a guideline of 24 months on count one (as the range of 30 to 37 months exceeded the statutory 24-month maximum) and 46 to 57 months on count two. (Id. at 5.) The Probation Office recommended a sentence of 24 months on count one and 46 months on count two, consecutive, for a total of 70 months. (Doc. 48 at 3.) The Government supported that recommendation. (Doc. 60 at 9-13.) However, Little, through his counsel, requested a sentence of 24 months on count one and 60 months on count two, for a total of 84 months. (Id. at 6-7.) The reason, counsel explained, was that Little was facing "substantial" state charges and wished to serve as much of his time in federal custody as possible (for which he presumably would get state credit) to "help with [his] mental health and sobriety." (Id. at 14.) After a full hearing, the court invoked the Protect Act and granted Little's request, explaining the need to protect the public, to provide deterrence, and to provide mental health, substance abuse and continuing education treatment. (Id. at 16; Doc. 54.)

    Little filed the present motion for compassionate release on April 30, 2025. (Doc. 55.) He is currently incarcerated at FCI Bennettsville. Having served roughly half of his sentence, his release date is calculated as July 14, 2028, based on good conduct. (BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 4, 2025).

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3852(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended § 3852(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to § 3852(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative right to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least seventy years old, have served at least thirty years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See

4

United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see also United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished) (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to § 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). "[E]ven if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022).

As amended, United States Sentencing Guideline § 1B1.13(a) essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate

5

release. The four enumerated reasons are (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; and (4) the defendant is a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all provision for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining whether the defendant presents an extraordinary and compelling reason, if the "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," and if the change in the law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time of the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, § 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 597 U.S. 481, 498-502 (2022). However, they do not have unfettered jurisdiction or discretion to

6

modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial 'change of heart.'" (quoting United States v. Layman, 116 F.3d 105, 109 (4th Cir. 1997))). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it do so. Even then, § 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit has stated, the "most grievous cases." United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020); see United States v. Osman, No. 23-6544, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024) (unpublished) (stating that compassionate release is "a narrow means for a district court to modify a term of imprisonment that has already been imposed, an act which the courts are generally barred from undertaking").[1] It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

Little contends he has exhausted his remedies with the warden (Doc. 55 at 14), and the Government does not argue otherwise. The

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

7

court therefore deems any objection waived.  United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (movant must demonstrate exhaustion, a non-jurisdictional claim-processing rule, when invoked by the Government).  Thus, the court turns to the merits of his motion.

Little argues that release is warranted because his sentence for violation of his supervision was "unduly harsh."  (Doc. 55 at 14.)  He contends that because the court reduced his sentence for count one to time-served, that count should not have served as the basis for his revocation sentence, which he claims caused him to be sentenced to an extra 27 months (24 months on count one and three months above the high end of the guideline range for count two).  (Id. at 15-16.)  He argues that this is a "disparity" that is an extraordinary and compelling reason, citing U.S.S.G. § 1B1.13(b)(5) and United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).  (Id. at 5, 16.)  The Government responds that Little is wrong factually and legally.

The Government is correct.  At the outset, it is helpful to clarify the legal basis for Little's request.  His motion cites guideline § 1B1.13(b)(5).  (Doc. 55 at 5.)  That section provides:

> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

8

Problematic for Little is that he does not cite any reason under paragraphs (1) through (4) of that section, nor does he cite a reason that is "similar in gravity" to those.

His reliance on McCoy, moreover, is misplaced.  That case involved a motion for compassionate release under § 3582(c)(1)(A) before a sentencing guideline had been promulgated for it.  The Fourth Circuit concluded that under the statute, the disparity between the defendants' sentences and those that would be imposed after the First Step Act's elimination of the stacking of convictions under 18 U.S.C. § 924(c), combined with other facts of the cases, rendered the sentences "unusually long," thus presenting an extraordinary and compelling reason for reduction. Since McCoy, the Sentencing Commission has amended the guidelines. Now, to argue for a disparity resulting from a change of law that renders a sentence unusually long, the defendant must serve at least ten years on the sentence he is challenging.  U.S.S.G. § 1B1.13(b)(6).[2]  Little's revocation sentence is not even that long, and he cannot point to any change in law.  So, McCoy has no

---

[2] Guideline § 1B1.13(b)(6) provides:
   Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

9

application to his case.

Little also misapprehends the applicable law. When the court granted Little's motion under § 404 of the First Step Act, it merely <u>reduced</u> his sentence to time-served; it did <u>not vacate the conviction</u>. (Doc. 30.) No such relief is available under the First Step Act. Indeed, the court took pains to state how the BOP should calculate the reduction. (Doc. 31.) Therefore, Little's conviction of count one remained, and it was available for purposes of Little's supervision. As to that count, the statute provided up to 24 months of incarceration upon revocation, 18 U.S.C. § 3583(e)(3), and that term of imprisonment was available for imposition. The court, at revocation, also had the authority to impose a custodial sentence consecutively for violation of supervision as to counts one and two. 18 U.S.C. 3584(a); <u>United States v. Campbell</u>, 937 F.3d 1254, 1257 (9th Cir. 2019). Accordingly, Little's sentence was entirely within the bounds of lawful options.

What makes Little's motion even more difficult is that he <u>requested</u> the precise sentence about which he now complains. Although the Probation Office argued, and the Government agreed,[3] that a sentence of 70 months should be imposed, Little, through

---

[3] The government acknowledged that the record supported an 84-month sentence but stated it would "stand by" the recommendation of the Probation Office. (Doc. 60 at 9-10.)

10

counsel, specifically requested an 84-month sentence because it would allow him to serve as much of his time as possible for the anticipated state convictions in federal, not state, custody. (Doc. 60 at 6-7.)  During his allocution, Little confirmed that was his request.  (Id. at 15 (stating, "As for me asking for the extra time in there, it is because I know I can seek better help in there, in the federal institution than I can in state institutions.").)  Thus, even if there was error, and there was not, it was invited.  See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) ("[A] defendant in a criminal case cannot complain of error which he himself has invited." (quoting Shields v. United States, 273 U.S. 583, 586 (1927))).

Little also cites his "considerable efforts at post-conviction rehabilitation."  (Doc. 55 at 18.)  This is reflected, he states, by his "efforts to enroll in and complete several BOP-offered programs, as well as his disciplinary record."  (Id.)  The Government responds that while his efforts should be applauded, his prison record does not reflect that he actually completed any classes.  (Doc. 61 at 20-21.)

Section 1B1.13(d) of the Guidelines states that rehabilitation of the defendant alone is not an extraordinary and compelling reason, but it may be considered along with other circumstances.  The court considers all of Little's post-sentencing conduct in assessing his motion.  See Pepper v. United

11

States, 562 U.S. 476, 503-04 (2011). Here, Little has not demonstrated that he has engaged in efforts at rehabilitation that are extraordinary, United States v. Vaughn, 62 F.4th 1071, 1072 (7th Cir. 2023) (noting that taking classes while incarcerated is "common rather than extraordinary"), and his record of two infractions, while helpful in his accruing good conduct credit, do not constitute extraordinary and compelling reasons.

In sum, Little's various contentions, alone or considered collectively, fail to constitute an extraordinary and compelling reason for compassionate release.

Even if Little had offered an extraordinary and compelling reason to support compassionate release, however, it is not warranted because the section 3553(a) factors do not weigh in his favor. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." United States v. Kibble, 992 F.3d 326, 334-35 (4th Cir. 2021) (Gregory, C.J., concurring). Thus, the court must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

(A) To reflect the seriousness of the offense, to

12

Case 1:06-cr-00457-TDS    Document 62    Filed 12/05/25    Page 12 of 16

States, 562 U.S. 476, 503-04 (2011). Here, Little has not demonstrated that he has engaged in efforts at rehabilitation that are extraordinary, United States v. Vaughn, 62 F.4th 1071, 1072 (7th Cir. 2023) (noting that taking classes while incarcerated is "common rather than extraordinary"), and his record of two infractions, while helpful in his accruing good conduct credit, do not constitute extraordinary and compelling reasons.

In sum, Little's various contentions, alone or considered collectively, fail to constitute an extraordinary and compelling reason for compassionate release.

Even if Little had offered an extraordinary and compelling reason to support compassionate release, however, it is not warranted because the section 3553(a) factors do not weigh in his favor. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." United States v. Kibble, 992 F.3d 326, 334-35 (4th Cir. 2021) (Gregory, C.J., concurring). Thus, the court must consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

(A) To reflect the seriousness of the offense, to

>     promote respect for the law, and to provide just
>     punishment for the offense;
>
>    (B) To afford adequate deterrence to criminal conduct;
>
>    (C) To protect the public from further crimes of the
>     defendant;
>
>    (D) To provide the defendant with needed educational or
>     vocational training, medical care, or other
>     correctional treatment in the most effective
>     manner;
>
> (3) The kinds of sentences available;
>
> (4) The kinds of sentence[s] and the sentencing range
>     established for [the applicable offense category as set
>     forth in the guidelines] . . . ;
>
> (5) Any pertinent policy statement . . . by the Sentencing
>     Commission . . . ;
>
> (6) The need to avoid unwarranted sentence disparities
>     among defendants with similar records who have been
>     found guilty of similar conduct; and
>
> (7) The need to provide restitution to any victims of the
>     offense.

18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh against granting Little's motion for compassionate release.

To begin, Little's underlying offense was serious. He was sentenced for one count of possession with intent to distribute

13

cocaine base and a second count of possession of a firearm in furtherance of a drug trafficking crime. (Doc. 20.) After thirteen years in prison, Little began his term of federal supervision on September 18, 2020. (Doc. 47 at 1.) Yet, within a year and a half of his release, Little returned to drug trafficking and was apprehended by law enforcement in a hotel room with, among other paraphernalia, approximately 66 grams of heroin, 111 grams of cocaine, 70 grams of crack cocaine, and 20 grams of marijuana. (Id. at 2.) Little subsequently posted bond, but he was stopped again just over two months later while in possession of 4 grams of powder cocaine, which he attempted to place into his mouth and smear on the ground while he resisted arrest. (Id. at 3.)

Little also has an extensive history of criminal conduct. His presentence investigation report lists two juvenile adjudications along with sixteen adult convictions, all occurring between the ages of 16 and 21. (Doc. 26 at 7-15.) The adult convictions include multiple instances of felony breaking and entering, felony larceny after breaking and entering, felony possession with intent to distribute both cocaine and marijuana, and felony elude arrest with a motor vehicle. (Id.) Moreover, his underlying conviction is for trafficking cocaine base with a loaded .38 caliber revolver, which was stolen. (Id. at 4.) This mirrors his several prior cocaine convictions for trafficking

14

cocaine at ages 17, 19, and 20.  (Id. at 10-13.)  And notably, his revocation of supervision was based on more drug trafficking – this time for heroin, cocaine, cocaine base, and marijuana.  (Doc. 47.)

Considering the totality of the circumstances, the court finds that compassionate release is unwarranted, as it would fail to reflect the nature and seriousness of the offenses, promote respect for the law, adequately protect the community, and provide adequate deterrence.  For these reasons, even if extraordinary and compelling circumstances existed, the § 3553(a) factors disfavor release.

Finally, Little seeks the appointment of counsel to pursue his motion.  (Doc. 56.)  There is no general constitutional right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), although the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require.  Based on the court's review of the filings and Little's circumstances, Little has not demonstrated that he is incapable of seeking his requested relief without the appointment of counsel, and he has not otherwise demonstrated that appointment of counsel is necessary here.  As such, his request for appointment of counsel will be denied.

### III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Little's motion for compassionate release (Doc. 55) and motion for appointment of counsel (Doc. 56) are DENIED.

/s/   Thomas D. Schroeder
United States District Judge

December 5, 2025